UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

GYULA ATTILA INCZE,

                   Petitioner,

    v.

ICE FIELD OFFICE DIRECTOR,

                   Respondent.

CASE NO. C21-0074JLR-DWC

ORDER

     This matter comes before the court on the Report and Recommendation of United States Magistrate Judge David W. Christel (R&R (Dkt. # 18)). Having carefully reviewed the foregoing, all other relevant documents, and the governing law, the court DECLINES to adopt the Report and Recommendation (Dkt. # 18) but DISMISSES Petitioner Gyula Attila Incze's habeas petition (Dkt. # 7) as moot.

     A district court has jurisdiction to review a Magistrate Judge's report and recommendation on dispositive matters. Fed. R. Civ. P. 72(b). "The district judge must determine de novo any part of the magistrate judge's disposition that has been properly

ORDER - 1

1 | objected to." *Id.* The court reviews de novo those portions of the report and
2 | recommendation to which specific written objection is made. *United States v.*
3 | *Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). When no objections are
4 | filed, the court need not review de novo the report and recommendation. *Wang v.*
5 | *Masaitis*, 416 F.3d 992, 1000 n.13 (9th Cir. 2005).

6 |      Here, no party has objected to Magistrate Judge Christel's Report and
7 | Recommendation. (*See* Dkt.) The Government has, however, filed a Notice of Factual
8 | Update stating that the Board of Immigration Appeals ("BIA") has dismissed his appeal
9 | and that Mr. Incze's detention is now mandated by 8 U.S.C. § 1231(a)(2), a statute that
10 | was not considered by the Report and Recommendation. (Not. (Dkt. # 19); *see* R&R.)
11 | Accordingly, the court agrees with the Government that detention is now required by
12 | § 1231(a)(2) for a 90-day removal period, and Mr. Incze's habeas petition—which solely
13 | addresses 8 U.S.C. §§ 1226(a) and 1226(c)—is now moot. (*See* Not. at 2); *Muhamd v.*
14 | *ICE Field Office Director*, No. C20-0605RAJ, 2020 WL 6418686, at *1 (W.D. Wash.
15 | Oct. 28, 2020). "A federal court lacks [subject-matter] jurisdiction to hear a case that is
16 | moot," *Bishop Paiute Tribe v. Inyo Cnty.*, 863 F.3d 1144, 1155 (9th Cir. 2017), and if the
17 | court determines "at any time that it lacks subject-matter jurisdiction, the court must
18 | dismiss the action," Fed. R. Civ. P. 12. Mr. Incze does not argue otherwise. (*See* Dkt.)
19 | //
20 | //
21 | //
22 | //

1         Accordingly, the court DECLINES to adopt the Report and Recommendation

2    (Dkt. # 18) but DENIES Mr. Incze's habeas petition (Dkt. # 7) as moot.  The court

3    DISMISSES this action without prejudice.

4         Dated this 19th day of July, 2021.

5

6                             JAMES L. ROBART
                          United States District Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

ORDER - 3